664 F.2d 346
 Joseph K. BONACORSA, Plaintiff-Appellant,
v.
William G. BARRY, as Chairman, and Bertram D. Sarafan, as
Members of the New York State Racing and Wagering
Board, Division of Harness Racing,
Defendants-Appellees.
 No. 294, Docket 81-7465.
 United States Court of Appeals,
Second Circuit.
 Argued Oct. 30, 1981.
Decided Nov. 6, 1981.
 
 Joseph A. Faraldo, Kew Gardens, N. Y., for plaintiff-appellant.
 Frederick K. Mehlman, Asst. Atty. Gen. of the State of New York, New York City (Robert Abrams, Atty. Gen. of the State of New York, George D. Zuckerman, Asst. Sol. Gen. of the State of New York, New York City, of counsel), for defendants-appellees.
 Before FEINBERG, Chief Judge, FRIENDLY, Circuit Judge and PIERCE, District Judge.*
 PER CURIAM:
 
 
 1
 Joseph K. Bonacorsa appeals from the dismissal of his complaint by Mary Johnson Lowe, J. of the United States District Court for the Southern District of New York. Appellant, a former driver, trainer and owner of harness racing horses, sued two members of the New York State Racing and Wagering Board, Division of Harness Racing ("the Board") including the Chairman, for refusing to issue him a license to own and train harness racing horses. Appellant alleged that the rule on which the Board relied in denying him a license was unconstitutionally vague and that the Board denied him equal protection under the Fourteenth Amendment. After hearing cross-motions for summary judgment, Magistrate Kent Sinclair, Jr. recommended that the complaint be dismissed without prejudice to appellant's reinstatement of the equal protection count upon showing that the Board discriminated against appellant by routinely issuing licenses to persons convicted of racing-related crimes. In a memorandum and order dated January 26, 1981, the district court adopted the magistrate's recommendation. Thereafter, the judge determined that appellant's proposed amended complaint still failed to establish a denial of equal protection; in an opinion dated June 12, 1981, the judge affirmed the earlier ruling and dismissed the complaint. Appellant challenges this decision but he does not raise on appeal the claim that the Board's rule is unconstitutionally vague. Appellant argues only that the court's decision banned appellant from racing for life in violation of the due process and equal protection clauses of the Fourteenth Amendment.
 
 
 2
 In 1973, appellant was indicted, and in 1974, convicted of perjury and obstruction of justice in connection with an investigation by a special grand jury of harness racing in the New York metropolitan area, which led to a number of indictments for sports bribery, see United States v. Gerry, 515 F.2d 130 (2d Cir.), cert. denied, 423 U.S. 832, 96 S.Ct. 54, 46 L.Ed.2d 50 (1975), and for lying to the grand jury, see United States v. Turcotte, 515 F.2d 145 (2d Cir.), cert. denied, 423 U.S. 1032, 96 S.Ct. 564, 46 L.Ed.2d 406 (1975). Appellant was in the latter group, and was convicted of perjury for falsely testifying about the ownership of a horse and his relationship with Forrest Gerry, one of the defendants in the above cases, and of obstructing justice by attempting to influence another grand jury witness to testify falsely. This court affirmed appellant's conviction. United States v. Bonacorsa, 528 F.2d 1218 (2d Cir.), cert. denied, 426 U.S. 935, 96 S.Ct. 2647, 49 L.Ed.2d 386 (1976). After appellant completed terms of incarceration and probation, he applied for 1977 and 1978 racing licenses, but the Board rejected both applications. The Board based its denial of the 1977 license on three grounds: (1) conviction of a crime involving moral turpitude; (2) perpetration of a fraud in connection with racing; and (3) lack of requisite good character. The 1978 denial was predicated only on the third ground. In both years, appellant demanded and received a hearing, a hearing officer recommended that the decision to deny appellant a license be confirmed, and the Board on review followed this recommendation. Based on these proceedings, appellant instituted this action in federal court, invoking, inter alia, 42 U.S.C. § 1983 and 28 U.S.C. § 1343.
 
 
 3
 Appellant's claims on appeal must be rejected. First, there is no basis for the contention that the court imposed a lifetime ban on appellant's participation in racing activities. As counsel for the Board made clear at oral argument, appellant is free to apply for a license each year, and in fact, he may receive a license if the Board decides after a period of years that he has been rehabilitated. In any event, nothing in the district court's opinion forecloses appellant from renewing his efforts to obtain a license.
 
 
 4
 Second, the Board did not arbitrarily discriminate against appellant in denying his application in violation of due process and equal protection. The Board's regulatory powers over racing are very broad, and the State "has an important interest in assuring the integrity of the racing carried on under its auspices," Barry v. Barchi, 443 U.S. 55, 64, 99 S.Ct. 2642, 2649, 61 L.Ed.2d 365 (1979). Under equal protection law, a rational relation test applies here because appellant neither asserts a fundamental right nor belongs to a suspect class. The Board showed that in a number of instances, individuals convicted of racing-related crimes were denied licenses while appellant could adduce only a few isolated instances in which such individuals had received licenses. Moreover, barring such individuals from participating in racing promotes the Board's goal of "preserving the integrity of the sport" and "protecting the public from harm." Id. at 65, 99 S.Ct. at 2649. Under due process, appellant can assert no absolute right to a license, and his claims of unfair denial were properly heard by a hearing officer and thoroughly reviewed by the Board.
 
 
 5
 We therefore affirm the judgment of the district court.
 
 
 
 *
 Honorable Lawrence W. Pierce, United States District Judge for the Southern District of New York, sitting by designation